IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES NEWTON RICE,

    Plaintiff,

v.                                              CASE NO. 1:02-cv-00153-MP-AK

CHARLES KEITH OZAKI,
MICHAEL F STEINBURG,
UNITED STATES,

    Defendants.

_____/

**O R D E R**

This matter is before the Court on Doc. 88, Supplemental Motion for Taxation of Costs, filed by Charles Keith Ozaki. Previously, the Court entered an order directing Mr. Ozaki to clarify some of the cost requests made in the original motion for costs. Specifically, the Court directed the defendant to (1) identify the $20.00 Clerk fee specified in the bill of costs; (2) identify who was served with the subpoena which triggered the $30.00 entry in the bill of costs; (3) identify, for each deposition, why the transcript was "necessarily obtained for use in the case"; (4) identify specifically why each set of "copies of records" was "necessarily obtained for use in the case"; and (5) identify the "other" expenses which amounted to $179.64. In the Supplemental Motion, Mr. Ozaki provides explanation for each of the above items, and the plaintiff was given time to respond, but has not.

Having reviewed the supplemental motion, the Court finds that the costs sought in the supplemental motion (Doc. 88) should be allowed. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs...." This creates a presumption in favor of awarding costs to the

prevailing party. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir.1991). However, this presumption is not without limits. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987) (holding that federal courts are bound by the limitations set out in Title 28 U.S.C. §§ 1821 and 1920). Section 1920 enumerates the specific expenses that a federal court may tax. Id. Thus, in accordance with § 1920, only the following items may be taxed as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Court finds that each of the depositions, and all of the copies, were "necessarily obtained for use in the case" for the reasons described by Mr. Ozaki. Additionally, the other expenses described above fit into one or more of the categories listed in § 1920.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Doc. 88, Supplemental Motion for Taxation of Costs, is granted, and the Clerk shall tax the costs as set out in the motion.

**DONE AND ORDERED** this _31st_ day of May, 2005

       _s/Maurice M. Paul_
      Maurice M. Paul, Senior District Judge